IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRELL O. GIBSON,
    Plaintiff,

vs.                                      Case No. 3:07cv274/MCR/EMT

CHARLIE J. CRIST, et al.,
    Defendants.
_____/

## ORDER

    Plaintiff, a Florida inmate proceeding pro se and in forma pauperis, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 (*see* Doc. 1).

    Initially, the court notes that the complaint is not on a court-approved form (*see id.*). Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under 42 U.S.C. § 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in § 1983 cases, even if he wants to attach separate pages explaining the facts that underlie the complaint.[1] Furthermore, Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.

    In an effort to ensure efficiency, the court has briefly reviewed the complaint and determined that the facts as presented fail to support a viable claim for relief. The court will therefore allow

---

[1] The court notes that Rule 8(a)(2) of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, Plaintiff need not provide more than a brief description of his claims in plain language.

Plaintiff an opportunity to correct these deficiencies in an amended complaint.

Plaintiff alleges that his name, Terrell Omar Gibson, is a copyrighted and trademarked symbol entitled to protection under both federal and common law (*see* Doc. 1 at 6–8).  He alleges that Defendants are illegally making use of the copyrighted and trademarked name Terrell Omar Gibson (*id.* at 13–14).  Plaintiff also alleges that he filed certain financing statements under the Uniform Commercial Code ("UCC") perfecting his interest in the copyrighted and trademarked name Terrell Omar Gibson (*id.* at 14–15).  For relief, Plaintiff seeks nominal damages and compensatory damages in the amount of $1,000,000.00 per day from each Defendant for their use of his copyrighted and trademarked name Terrell Omar Gibson and any derivatives or alternate spellings of the name Terrell Omar Gibson (*id.* at 18).  Plaintiff also seeks $10,000,000.00 in punitive damages for Defendants' usage of the name Terrell Omar Gibson (*id.*).  Finally, Plaintiff seeks an order enjoining Defendants' use of the name Terrell Omar Gibson or of any derivative or alternative spelling of the name Terrell Omar Gibson (*id*. at 19).

Plaintiff is advised that his allegation of copyright or trademark infringement against Defendants for their use of his name is clearly frivolous.  *See, e.g.*, Peters v. Beard, No. 4:06-0935, 2006 WL 2174707, at *3 (M.D. Pa. June 13, 2006) (dismissing plaintiff's complaint as frivolous where, as here, plaintiff claimed that department of corrections personnel used his copyrighted name without permission).  Thus, Plaintiff's allegations of copyright and trademark infringement are subject to dismissal.

Plaintiff's allegations concerning the filing of certain UCC financing statements perfecting his alleged interest in the name Terrell Omar Gibson most likely amount to some type of fraud and do not state a claim for relief under § 1983.  The abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented.  *See, e.g.*, United States v. Gordon, No. CV205-158, 2005 WL 2237640 (S.D. Ga.  Aug. 25, 2005) (prisoners filed "facially absurd" liens and UCC financing statements designed to harass and intimidate government officials in the performance of their duties); United States v. Orrego, No. 04-cv-0008-SJ, 2004 WL 1447954, at *2 (E.D.N.Y. June 22, 2004) (prisoner purported to copyright his name, after which he filed fraudulent liens against various government officials for

using his name without permission or payment); Ray v. Williams, No. CV-04-863-HU, 2005 WL 697041 (D. Or. Mar.24, 2005) (prisoner engaged in fraudulent scheme by which he filed false UCC filings against government officials seeking payment for unauthorized use of his copyrighted name); United States v. Martin, 356 F. Supp. 2d 621 (W.D. Va. 2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); United States v. Brum, No. Civ. A. 105cv110, 2005 WL 1606584 (E.D. Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction); Cooperwood v. McDonald, No. 2:05cv111, 2005 WL 1427718 (W.D. Mich. June 13, 2005) (prisoner filed a fraudulent lien "for infringement of his copyrighted name"); United States v. Stouder, No. 3:04-1044, 2005 WL 2715666 (M.D. Tenn. Sept. 2, 2005) (prisoner filed fraudulent UCC financing statements against government officials in the amount of $300,000,000.00). For example, in very similar case an inmate purported to copyright his name and then proceeded to file financing statements under the UCC, imposing liens on the property of various state and department of corrections officials. *See* United States v. Orrego, No. 04-cv-0008-SJ, 2004 WL 1447954, at *2 (E.D.N.Y. June 22, 2004). As plaintiff in a subsequent civil damages action, the United States sought declaratory relief and a permanent injunction prohibiting Orrego's abusive behavior. *See id.* at *1. The court found that Orrego was engaging in a scheme to defraud under the fraud injunction statute, 18 U.S.C. § 1345. *See id.* at *2–*3. The court also found the financing statements filed by Orrego to be fraudulent and in violation of the UCC as enacted by New York. *See id.* at *4. Finally, the court found that because Orrego continued to claim damages from certain governmental officials he was in violation of the False Claims Act, 31 U.S.C. §§ 3729, *et seq. See* Orrego, 2004 WL 1447954, at *4–*5. After making these determinations, the court granted the United States relief, invalidated the liens filed by Orrego, enjoined Orrego from filing further liens, and ordered Orrego to pay a civil penalty of $5,500.000 under the False Claims Act and the New York UCC. *See id.* at *5. The court also awarded the United States its costs in bringing the action. *Id.* Plaintiff's UCC claims, like those in Orrego, appear to be frivolous, if not fraudulent, and are subject to dismissal.

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims

related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

      Accordingly, it is **ORDERED**:

      1.    The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

      2.    Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

      3.    Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

      **DONE AND ORDERED** this 6th day of August 2007.

      /s/ *Elizabeth M. Timothy*
      **ELIZABETH M. TIMOTHY**
      **UNITED STATES MAGISTRATE JUDGE**